JAMES GREGORY, Appellant, v. KIRKMAN CONSOLIDATED INDE-
PENDENT SCHOOL DISTRICT, Appellee.

**SCHOOLS AND SCHOOL DISTRICTS:** Land Taken for Schoolhouse
Sites—Appeal—Written Notice. The appeal of the landowner
whose property is taken for schoolhouse purposes, under Ch.
26, Acts 37 G. A., must be taken within 10 days after official,
written notice of the award is actually received by him.

**EVIDENCE:** Presumptions—Mailing Notice. The mailing of a no-
tice in the United States mail, properly addressed to the resi-
dence or place of business of the addressee, with proper postage
stamps, raises a presumption that the notice was received by
the addressee; but it is not conclusive, and may be rebutted;
and the mailing of such notice not received does not constitute
a notice of the facts contained in the letter so addressed.

**EMINENT DOMAIN:** Proceedings—Taking Land for School Pur-
poses—Notice of Award in Writing. The notice of award pro-
vided for in Ch. 26, Acts 37 G. A., giving a landowner whose land
is taken for school purposes 10 days in which to appeal after re-
ceiving notice of the award, means a personal and official no-
tice, which must be given by the county superintendent in
writing.

**EVIDENCE:** Burden of Proof—Land Taken for School Purposes—
Notice of Award. Where a defendant school district seeks to
defeat an appeal by a landowner on the ground that it was not
taken within 10 days after notice of award had been received
by him, the burden is on it to show that the notice was re-
ceived by him.

**SCHOOLS AND SCHOOL DISTRICTS:** Land Taken for Schoolhouse
Sites—Notice of Award. An appeal from an award as to the
land taken by a school district for school purposes can be taken
before official notice is given, but the 10 days' notice which
must be given the landowner in which to take the appeal after
the award has been made, does not commence to run until an
official notice is given to and received by the landowner of the
award made; and a casual conversation, occurring after the
award, wherein the landowner was informed by a director of
the school district of the award, and in which he remonstrated
against it, was not an official notice, and did not start the
running of the 10 days in which the landowner had the right
to appeal, under Ch. 26, Acts 37 G. A.

EVIDENCE:   Presumptions—Mailing Notice—Official Conduct.  The
presumption that a county superintendent of schools did all
the necessary things as to mailing a notice of award so as
to reach a landowner cannot be based upon the presumption
that, as a public officer, she did such things.

EMINENT DOMAIN:   Proceedings—Taking Land for School Pur-
poses—Notice of Award.  Evidence reviewed, on an appeal from
an award in a proceeding to take land for school purposes, and
held sufficient to show that the landowner had not received offi-
cial notice of the award, and therefore that his right of ap-
peal was not barred, under Ch. 26, Acts 37 G. A., giving him
10 days after such notice, in which to take such appeal.

*Appeal from Shelby District Court.*—E. B. WOODRUFF,
Judge.

JULY 7, 1919.

APPEAL from award of damages made in a proceeding
to appropriate certain lands of the plaintiff for school pur-
poses.   The district court dismissed the appeal, on the
ground that it was not taken in time, and the action of the
district court was by appeal brought to this court.   Re-
versed and remanded, with instructions to proceed in ac-
cordance with this opinion.—*Reversed and remanded.*

*Edward S. White,* for appellant.

*G. W. Cullison,* for appellee.

GAYNOR, J.—On the 16th day of April, 1917, the defend-
ant school district, proceeding under the statute provid-
ing for the taking of land for school purposes, caused duly
appointed referees to assess damages sustained by the plain-
tiff, in the appropriation of four acres of his land, adjacent
to defendant's schoolhouse.   On that day, the referees ap-
peared, qualified, and proceeded to and did assess the dam-
ages which the plaintiff would sustain by the taking of the
land at $1,600, and made return to the county superinten-

dent of that assessment. The proceedings were had under
Section 2814 of the Code Supplement, 1913, and Section
2815 of the Code of 1897. But before any action was com-
menced by these parties, the legislature had repealed Sec-
tions 2814 and 2815, and substituted therefor Chapter 26 of
the Laws of the Thirty-seventh General Assembly, and made
it take effect immediately on publication. On the 2d day of
May, 1917, the plaintiff served notice of appeal to the dis-
trict court from the award, and was met in the district
court with the claim that his appeal was not taken in time;
and on that ground alone, the appeal was dismissed.

It will be noticed from the statute that, prior to the
Acts of the Thirty-seventh General Assembly, plaintiff had
20 days in which to appeal, after receiving notice of the
award. Chapter 26 of the Acts of the Thirty-seventh Gen-
eral Assembly limits the right to appeal in the following
words:

"From the assessment so made either party may ap-
peal to the district court by giving notice thereof as in case
of taking private property for works of internal improve-
ment within ten days after receiving notice of the award
made. If such appeal is not taken, the assessment shall be
final."

As said before, the award was made on the 16th day of
April, 1917. The appeal was not taken until the 2d day of
May, 1917. If the notice of the award was given on the 17th
of April, 1917, as claimed by defendant, plaintiff did not
take his appeal within the time prescribed by Chapter 26
of the Laws of the Thirty-seventh General Assembly. His
contention, however, is that, while he might have taken his
appeal at any time after the award was made, yet the award
did not become final until 10 days after he had notice of the
award, because, under the statute, he had his right to ap-
peal continued for 10 days after receiving notice of the
award, and the award only became final upon his failure to

exercise this right given him.  The only question, then, is whether or not the plaintiff did receive notice of the award more than 10 days before the appeal was taken.  His right to appeal from the award remained intact until the expiration of the 10 days after he had received notice of the award. If he exercised his right within that time, the award did not become final until the appeal was disposed of.  The court sustained a motion and directed a verdict for the defendant, on the ground that the appeal was not taken within the time prescribed by statute.  This involved a finding that the appeal was not taken within 10 days *after he received notice* of the award made.  That there was an attempt to give him notice, this record discloses.  Whether he did receive notice of the award, is a question of fact.  His right to appeal had its limitations in this: that he must appeal within 10 days after receiving notice of the award made.  If he did not exercise this right, the award became final, and binding upon him.  It is provided that the proceedings shall be void if the school corporation fails to deposit the amount due within 60 days from and after the final determination of the proceedings, on appeal or otherwise.

1. SCHOOLS AND SCHOOL DISTRICTS: land taken for schoolhouse sites: appeal: written notice.

This brings us to the one question:  Was plaintiff's right to appeal terminated, at the time he attempted to appeal to the district court?

If he received a notice of the award made, such as the statute requires, then his appeal must be taken within 10 days from that date, or he is forever after barred from any right of appeal, and the award becomes final.  But at any time after the award is made, he may appeal to the district court, and must appeal, if he would avail himself of the right of appeal, within 10 days after receiving notice of the award made.

It will be noted that the appeal was not taken until

more than 10 days after the award was made; but his right
to appeal does not date from the time the award was made,
and the 10 days' limitation on the right does not begin until
he has received notice of the award made.· The defendant
undertook to show that notice of the award was given the
plaintiff more than 10 days before the appeal was taken,
and on this based its argument that the plaintiff was out of
court. To support the claim that notice of award was given
plaintiff, the county superintendent was called, and she
testified that she was county superintendent at the time, and
says:

"I think that the same day that the appraisers filed
their notice with me, either that day or the following,—
that is my custom in all appraised cases,—I gave notice of
the award of the referees on the form supplied for that pur-
pose, wrote it, and mailed it to Mr. Gregory. That is the
only notice I gave him of the award. I don't remember that
I gave him notice by any other means. I think I mailed the
notice to him the day of the award, or the next day. I am
quite sure I wrote it the same day; and whether I·mailed
it until the next morning or not, I cannot say. I knew
where Mr. Gregory lived at the time. I went to the record
reported to me by the secretary of the school district, and
took his address from that. I mailed it in an envelope
through the Harlan rural route. There was a return card
on the envelope. The notice I mailed was never returned.
The postage, two cents, I presume was put on the letter.
It was a notice of importance, and it certainly would not
be sent any other way than with two cents. It was not
held up for postage. Mr. Gregory, I think, at that time
lived about 3½ miles north, and a little east of here. I
don't know the number of the route. I won't say positively
I put on the rural route, although it was my custom."

Touching this alleged notice, Gregory, the plaintiff, tes-
tified:

"I didn't receive from the county superintendent any notice of the award of the referees. I never received any notice of any kind after the time that these referees met and made their appraisement. I lived three miles north and a half a mile east of Harlan. I got my mail off of mail route No. 3. Mail came to my house by this delivery. It usually gets there before noon. I hardly ever get the mail out of the box. My stepdaughters usually get it. At that time, I had two hired girls working for me. They got the mail, as a rule. It was part of their business to go and get the mail. They would sort my mail out and leave it for me on my writing desk, usually,—not always. Sometimes it was laid away in other places. I don't know whether they got such a notice or not. I cannot say whether these girls got a letter from the county superintendent or not."

The other evidence offered to prove the fact of notice of the award is a conversation which, it is claimed by the defendant, was had between a Mr. Paup and the plaintiff, the next day after the filing of the assessment with the county superintendent. Paup testified that he was president of the board; that he knew Gregory; that he had a conversation with him on the 17th of April, the next day after the appraisement; that he told Gregory what it was; that Gregory and he were unloading from a car of feed on the track; that he got a ton of oil meal that morning; that he helped unload it; that he was helping at the elevator at that time. He further testified:

"When I told the plaintiff of the award, he was dissatisfied. Said that he should have had about $2,000. * * * He upbraided me very badly."

It appears that the amount of the award was paid to the county treasurer of Shelby County on the 20th day of April, 1917.

It will be noted that the county superintendent is not of certain mind as to just exactly what she did, touching the

giving of the notice of the award. It is true that the mail-ing of a notice in the United States mail.

**2. EVIDENCE: presumptions: mailing notice.** properly addressed, and directed to the res-idence or place of business of the addressee, with proper postage stamps placed thereon, raises a presumption that it was received by the addressee; but it is not conclusive, and may be rebutted. The mailing of such notice, when it is not received, does not constitute notice of the facts contained in the letter so addressed. The

**3. EMINENT DO-MAIN: pro-ceedings: tak-ing land for school pur-poses: notice of award in writing.** statute gives the landowner 10 days after the receiving of the notice of the award. That means personal notice. It means of-ficial notice,—notice from the party who is authorized to give notice, the party with whom the appraisement is filed. The stat-ute is very vague and indefinite as to the character of the notice, and as to the person who shall give the notice; but the statute requires (Chapter 26 of the Laws of the Thirty-seventh General Assembly) that the county superintend-ent of the county in which the school corporation is located shall, upon the application of either party in interest, ap-point three freeholders. The county superintendent shall give notice of the time and place of making the appraise-ment. The referees appointed must report in writing to the county superintendent their doings and findings, which re-port shall be filed and preserved in the county superinten-dent's office. This is a sort of a quasi judicial proceeding; a proceeding in which private property is taken for public use. The county superintendent is the one to whom the application is made, and who appoints the appraisers; the one to whom the appraisers report; the one with whom the award is filed. The county superintendent is the officer, therefore, charged with the duty of giving notice of the award; the one who has official notice of the award. In order to limit the right of appeal, the notice should come

from the county superintendent. The statute, in its word-ing, implies written notice from the one authorized to give notice. If the county superintendent mails a notice, prop-erly addressed, to the proper residence or place of business of the landowner, in the United States mails, with proper postage to insure its being carried to its destination, the presumption arises that it reached its destination. But this is only a presumption, and rebuttable. The plaintiff de-nies the receipt of it. The defendant is

4. EVIDENCE: burden of proof: land taken for school pur-poses: notice of award.

seeking to defeat the appeal, on the ground that the appeal was not taken within 10 days after notice of the award had been re-ceived by the plaintiff. The burden is, there fore, on the defendant to show that the no-tice was received. The 10 days did not begin to run until the notice of the award was received. Therefore, the plain-tiff is not out of court unless it is shown that the notice of the award was received more than 10 days

5. SCHOOLS AND SCHOOL DIS-TRICTS: land taken for schoolhouse sites: no-tice of award.

before the appeal was taken. What was said by Paup to the plaintiff was not the no-tice contemplated by the statute. Paup was not acting officially, even though notice given by him in an official way would be binding. It was simply a casual conversation, and did not start the running of the 10 days which limits the right of appeal. It seems to have been the opinion of the trial court that no appeal could be taken until official notice was given, until the notice of the award had been received by the plain-tiff, and, therefore, that the appeal was prematurely taken. This ground, of course, is not tenable. As we construe the statute, 10 days' notice did not commence to run against the right of appeal until official written notice was given to and received by the plaintiff of the award made.

The showing made on this point is vague and indefinite. As a basis for the presumption, it must be clearly shown

that the facts upon which the presumption rests actually exist: that is, that the notice, enclosed in an envelope, was properly addressed to the plaintiff at his place of residence or place of business; that it was properly stamped, so as to secure the carrying of it to its destination; that it was deposited in the United States mail at some of the depositories provided by the United States for receiving mail. We are called upon to presume that this was done, resting that presumption on another presumption that, as a public officer, the county superintendent did these things in such manner as would carry the notice to the plaintiff. Until all the facts upon which the presumption rests are clearly shown to exist, no presumption arises that the notice reached its destination, or that it was received by the plaintiff. Against this, we have the positive testimony of the plaintiff that he did not receive it. His right of appeal continued indefinitely until he received notice of the award from the proper source. The county superintendent, no doubt, is a busy woman; has much to do. Her testimony shows that she has not a distinct recollection of just what she did in the matter of mailing this notice. Plaintiff's right of appeal, therefore, was not terminated and could not be terminated until the official notice was given of the award. We think the court erred in dismissing plaintiff's petition, and its action is, therefore,—*Reversed.*

6. EVIDENCE: presumptions: mailing notice: official conduct.

7. EMINENT DOMAIN: proceedings: taking land for school purposes: notice of award.

LADD, C. J., WEAVER and STEVENS, JJ., concur.