VALENTINE H. BUNN, appellant, v. STANDARD OIL COMPANY, RICHARD McGONIGLE, d/b/a McGONIGLE'S STANDARD SERVICE, et al., appellees.

No. 49791.

(Reported in 99 N.W.2d 436)

NOVEMBER 17, 1959.

Guthrie & Blackburn, of Webster City, for appellant.

Breese & Cornwell, of Mason City, for appellee Standard Oil Company.

Erwin L. Buck, of Britt, for appellee Richard McGonigle.

THORNTON, J.—Plaintiff brings this action for damages in five divisions. Divisions II and IV were stricken by the trial court and trial was had on Divisions I, III and V. In each division plaintiff alleges the gasoline tanks in the Standard Oil Company station leaked causing gasoline or other petroleum products to be disseminated into the earth in such a manner as to cause poisonous, toxic and obnoxious gases and fumes to travel through an underground sewer and into the residence house of plaintiff. In Division I plaintiff alleges specific acts of negligence, in Division III plaintiff relies on res ipsa loquitur, and in Division V plaintiff alleges the acts of the defendants Standard Oil Company and McGonigle, the station operator (the case was dismissed as to the landowner, Shirley Parks, by plaintiff before trial), created a nuisance on the property occupied by plaintiff. At the close of plaintiff's evidence both defendants moved for a directed verdict on the grounds of insufficiency of the evidence to show negligence, proximate cause, freedom from contributory negligence, to show the source of the fumes complained of was the service station, and the statute of limitations as to the negligence division; the same grounds and lack of exclusive control as to the negligence division based on res ipsa loquitur; and, as to the nuisance division, that the evidence failed to show the source of the fumes was defendants' station and there was no evidence connecting the station as the source of the fumes which entered the plaintiff's house by way of the sewer, and that plaintiff was not the real party in.interest. The trial court sustained the motion, and his findings indicate he considered all grounds urged except as to plaintiff being the real party in interest, and the statute of limitations. We agree that the motion was properly sustained.

Whether we consider this case on the basis of negligence or nuisance the first fundamental fact to be proved is that the act or failure to act of defendants produced the result or

damage of which plaintiff complains. Fanelli v. Illinois Central R. Co., 246 Iowa 661, 69 N.W.2d 13; 39 Am. Jur., Nuisances, section 17, page 299; and 66 C. J. S., Nuisances, section 8b, page 743. Of course we are required to review the evidence on a motion to direct in the light most favorable to plaintiff and to give him the benefit of every reasonable inference therefrom.

Plaintiff's home was across Central Avenue from defendants' gas station in Clarion. The house is on the north side of the avenue and a half a lot east of the station. The evidence shows plaintiff suffered damage from raw gasoline fumes coming into his house through the basement drain. Plaintiff alleged, "* * * to cause poisonous, toxic and noxious gases and fumes to travel through an underground sewer and into the residence house of the plaintiff." He does not contend nor does the evidence show the fumes came in in any other place. Plaintiff testified the basement drain ran into the storm sewer. A workman who placed a vent for plaintiff to help eliminate the odor and fumes says he tapped into the sanitary sewer. The present storm sewer was put in in 1916, the courthouse tile in about 1897 or 1898. The date the sanitary sewer was put in is not shown. It was in the middle of the street, the other two were in the north side. The courthouse tile was about six feet deep, the storm sewer deeper. In 1908 the owners of the house then on the lot now occupied by the gas station ran a sewer tile to the courthouse tile. This sewer tile was six feet deep. The neighbor, a brother-in-law, testifying to these sewers did not know whether this drain from property occupied by the station was cut or not at the time the storm sewer and sanitary sewers were put in.

The evidence does not show any connection of plaintiff's home to a sewer to which the defendants' station is connected. We find no showing of the manner gasoline or other petroleum products, or the fumes therefrom, would have gotten into the drain leading to plaintiff's home. Further, the testimony shows only a leak in defendants' gasoline tanks on or about May 25, 1955; at which time both defendants took immediate steps to remedy the situation. They pumped out the old tanks May 31st and installed new ones June 6th. One hundred fifty gallons of gasoline leaked out of the old tanks from May 25th to May 31st. At that time the odors stopped in plaintiff's home. There is no

10

showing of a leak at any time before May 25, 1955, or any other discharge of gasoline or other petroleum products on defendants' premises.

There is a presumption that a condition once shown to exist continues until the contrary appears but it is not retroactive. Boyd v. Buick Automobile Co., 182 Iowa 306, 313, 165 N.W. 908. See also: Conrad, Modern Trial Evidence, Volume 2, section 958, page 167; 31 C. J. S., Evidence, section 140, page 789; and 20 Am. Jur., Evidence, section 210, page 208.

There is nothing surrounding the leak discovered on May 25, 1955, that permits of an inference that such condition existed in October or November of 1953. Human experience teaches that at some particular time the tanks began to leak and a jury might be allowed to find it was a day or two or even a few days before the leak was discovered, but to allow the jury to go back 18 months would be pure speculation. There was no expert testimony relative to this or the useful life of such tanks. There is no testimony of defendants losing any gasoline from the tanks before May 25, 1955, and there is no showing of defendants' records on gasoline for the period from October 1953 to May 25, 1955, or of the availability of such records. Giving the plaintiff the benefit of every legitimate inference to be drawn from the testimony we do not find the basic fact that an act or failure to act on the part of defendants created or caused the condition found in plaintiff's home. Nor do we find an act or failure to act that could be negligence—finding a leak and immediately repairing the situation is not evidence of negligence. On the applicability of res ipsa loquitur the drain in the house and whatever type trap he wished to install were in the sole control of plaintiff, not defendants.

We do not have here a case of escaping gas flooding plaintiff's home where the service line had broken away from the gas main as in Blackman v. Iowa Union Electric Co., 234 Iowa 859, 14 N.W.2d 721. Nor do we have a case where an industrial plant in the process of its operation is emitting noxious fumes, as in Riter v. Keokuk Electro-Metals Co., 248 Iowa 710, 82 N.W.2d 151.

The motion to direct a verdict for the defendants was properly sustained.—Affirmed.

All JUSTICES concur.