**Moussa M. NASSAR,
Petitioner-Appellant,**

**v.**

**John SISSEL, Acting Warden, Iowa State Men's Reformatory, and Thomas J. Miller, Attorney General of the State of Iowa, Respondents-Appellees.**

**No. 85–1784–NI.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 12, 1986.

Decided June 3, 1986.

John D. Randall, Jr., Cedar Rapids, Iowa, for petitioner-appellant.

Joseph P. Weeg, Asst. Atty. Gen., Des Moines, Iowa, for respondents-appellees.

Before McMILLIAN, and BOWMAN, Circuit Judges and HARRIS, Senior District Judge.[1]

OREN HARRIS, Senior District Judge.

Moussa Nassar appeals from the district court's[2] denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Appellant then filed a request for and was granted a Certificate of Probable Cause pursuant to 28 U.S.C. § 2253. Appellant proceeded in forma pauperis in this action and appeal on the writ of habeas corpus was automatically allowed.

On September 30, 1981 appellant was charged by Trial Information with delivery of Lysergic Acid Diethylamide ("LSD"), delivery of hashish and delivery of methaqualone in violation of Section 204.401(1)(b) of the Iowa Criminal Code. The third charge was later dropped and appellant was found guilty of the remaining two charges on September 17, 1982, in the District Court of Webster County, Iowa. Appellant's applied for a new trial on October 22, 1982 which was denied on November 3, 1982. He was sentenced to two concurrent five-year terms of incarceration. His conviction was affirmed by the Iowa Court of Appeals and the Iowa Supreme Court.

---

1. The Honorable Oren Harris, Senior United States District Judge for the Eastern and Western Districts of Arkansas, sitting by designation.

2. The Honorable Edward J. McManus, United States District Judge for the Northern District of Iowa.

Appellant requests a reversal of his conviction contending that his trial was fundamentally unfair and that he was thereby denied due process. Appellant makes several contentions in support of his claim.

Appellant, Nassar, argues that the prosecution suppressed material exculpatory evidence in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). During the investigation of appellant tape recordings were made between Daniel Raemaker, a narcotics agent for the Iowa Division of Criminal Investigation, and appellant. Appellant claims that the prosecutor failed to produce the August 24, 1981 tape of a phone conversation between Nassar and "Bob", the state's undercover agent. It is contended that this tape is material and exculpatory evidence because in the conversation Nassar denies knowing "Bob", an individual who allegedly purchased drugs from appellant several months earlier.

The United States Supreme Court has held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland,* supra, at 87, 83 S.Ct. at 1196. Further, in *United States v. Bagley,* — U.S. ——, 105 S.Ct. 3375, 87 L.Ed.2d 481, the U.S. Supreme Court defined evidence as "material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 3384.

■ Appellant raised this *Brady* claim in the Iowa Court of Appeals and the Court found there was no claim under *Brady* and no violation of due process. The rule of *Brady* is limited to the discovery, after trial, of information which had been known to the prosecution but unknown to the defense. *United States v. Agurs,* 427 U.S. 97, 103, 96 S.Ct. 2392, 49 L.Ed.2d 342, 349 (1976). In appellant's case the August 24th tape was discovered during trial and admitted into evidence during trial. Therefore the *Brady* rule would not apply. Further, if the tape had been suppressed it would not have been considered "material evidence" as defined in *United States v. Bagley,* 105 S.Ct. 3375 at 3384. It is necessary to prove that had the evidence been disclosed to the defense the result probably would have been different. *Bagley,* supra. In this case the evidence was submitted to the jury and appellant, notwithstanding, was found guilty.

■ In addition to the *Brady* claim appellant alleges that failure to produce the tape prior to trial was a denial of due process. However, a review of the evidence of record indicates that appellant's counsel was given access to the August 24th tape. Counsel for appellant was given notice of the existence of this tape in a letter from the prosecutor dated April 23, 1982 offering to make the tape available.[3] Further, appellant testified about a conversation between himself and state undercover agent Raemaker which took place sometime after May 13, 1981. Appellant also testified that in that conversation he denied knowing a man named "Bob" and stated that the prosecutor claimed to have a tape of that conversation. (Trial Tr. p. 677). It is clear that appellant was testifying about the August 24th tape and therefore knew of its existence.

■ Assuming, however, as appellant alleges, that he was not given access to the tape prior to trial due process still was not violated. *Brady* does not require pretrial disclosure as long as ultimate disclosure is made before it is too late for the defendant to make use of any benefits of the evidence. Due process is satisfied. *United States v. McPartlin,* 595 F.2d 1321, 1344–

---

3. Defense counsel denied being sent the letter on April 23, 1982. (Sup.Ct.App. p. 210). However, the prosecutor put his secretary on the stand and she testified as to typing the letter and properly sending it in the mail. (Trial Tr. pp. 728, 729). A letter properly mailed is presumed to have reached the person to whom it is addressed. *Reserve Ins. Co. v. Johnson,* 260 Iowa 740, 744, 150 N.W.2d 632, 634–635 (1967).

1347 (7th Cir.1979); *United States v. Zi-perstein*, 601 F.2d 281, 291 (7th Cir.), *cert. denied*, 491 U.S. 1031, 100 S.Ct. 701, 62 L.Ed.2d 667 (1979). Applying this test to appellant's case clearly demonstrates that his right to due process was not violated. Appellant was given ample opportunity to use the tape at trial as shown by the trial record. Appellant claims that the tape was revealed fairly late in the trial and that it would change his whole defense. However, Nassar's basic defense was that he never knew "Bob" and this tape would be merely corroborative evidence and would not be a major change in his defense. In view of all of the above findings the Court is of the opinion that appellant has offered no evidence that his due process rights have been violated by the late disclosure of the August 24th tape into evidence.

Appellant also alleges prosecutorial misconduct by allowing Raemaker to give false testimony in his deposition about the existence of tapes of conversations with appellant. However, the deposition does not reflect any perjured testimony. The prosecutor's letter and appellant's testimony at trial in regard to the August 24th tape clearly rebut appellant's claim that the prosecutor was attempting to deny the existence of such tapes.

Appellant's next contends that he was denied a fair trial by judicial misconduct. Appellant alleges that the trial judge was prejudiced against him because he was black and refers to some examples of supposedly unfair treatment by the trial court. Appellant is entitled, under due process, to a "neutral and detached judge." *Ward v. Village of Monroeville*, 409 U.S. 57, 62, 93 S.Ct. 80, 84, 34 L.Ed.2d 267 (1972). A review of this type of claim requires examining the trial court's actions in the context of the entire trial to see if those actions were sufficiently prejudicial to violate due process. *Donnelly v. DeChristoforo*, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431, 436 (1974).

■ Appellant complains as to some allegedly racial comments made by the judge which are not in the record. He further complains of the judge's introduction of defense counsel at the beginning of trial as "the black man sitting at the counsel table." The explanation by the trial court contains no evidence of prejudice but rather was made merely to identify defense counsel. Appellant asserts that the trial court made repeated unjustified interruptions and comments during trial which may have influenced the outcome of the trial. A careful review of the trial record does not reveal support of appellant's examples of alleged bias. The evidence in the record is insufficient to establish prejudicial conduct of the trial which violated appellant's due process rights. The Court's conduct, actions and comments were within the trial judge's duty to control and conduct court in an "orderly, dignified and proper manner." *State v. Cuevas*, 288 N.W.2d 525, 531 (Iowa 1980).

■ Appellant further asserts that a new trial should be granted for failure of County Attorney, Monty Fisher, to withdraw as prosecutor when he learned that he would be called as a defense witness. Appellant bases this claim on Canon 5, Disciplinary Rule 5–102 of the Iowa Code of Professional Responsibility. Nassar claims that failure of the County Attorney to withdraw resulted in the denial of his right to a fair trial. However, the section of the Iowa Code of Professional Responsibility which appellant cites only requires an attorney to withdraw if he will be called as a witness on behalf of his client. When a prosecutor is called to testify for the defense, not the prosecution, he is not necessarily required to withdraw. *Chessman v. Teets*, 239 F.2d 205, 214 (9th Cir.1956), *vacated on other grounds*, 354 U.S. 156, 77 S.Ct. 1127, 1 L.Ed.2d 1253 (1957). Appellant has not shown any constitutional violation in this regard. There is no duty to withdraw under the circumstances of this case and therefore, appellant's claim is insupportable.

■ Nassar's next argument for reversal and a new trial is that the prosecuting attorney made an improper statement during his closing argument as to his belief in

appellant's guilt. Appellant alleges that this statement was so prejudicial as to deny him a fair trial. Courts have held that prejudicial comments as to belief in a petitioner's guilt in a habeas corpus case do not give rise to denial of due process. *Maggitt v. Wyrick,* 533 F.2d 383, 387 (8th Cir.), *cert denied,* 429 U.S. 898, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976).

Additionally, when the entire incident and its possible impact on the jury is considered the statement is not shown to be so prejudicial as to require a new trial. The prosecutor's quick withdrawal of the statement at the time of appellant's objection and the trial court's admonishment to the jury avoided any possible prejudice. Any prosecutorial error in closing argument through possible prejudicial statements may be averted by a prompt ruling of the court and cautionary admonition or instruction to the jury. *State v. Chadwick,* 328 N.W.2d 913, 916 (Iowa 1983); *State v. Newman,* 326 N.W.2d 788, 792 (Iowa 1982); *State v. Hall,* 235 N.W.2d 702, 727 (Iowa), *cert. denied,* 434 U.S. 822, 98 S.Ct. 66, 54 L.Ed.2d 79 (1975).

In order to find reversible error for prosecutorial misconduct on a direct appeal an appellant must show both impropriety and actual prejudice from the misconduct. This should also include consideration of the amount of evidence indicating appellant's guilt. *United States v. Splain,* 545 F.2d 1131, (8th Cir.1976). Although it has been shown that the statement of the prosecutor was improper there is no evidence that it resulted in actual prejudice to the appellant. It was a single instance of misconduct which was immediately stricken by the trial court and the jury was admonished. Other evidence in the record of appellant's guilt was strong and it is unlikely that this one incident influenced the jury.

Appellant Nassar's final contention for reversal and a new trial is that the trial court erred in admitting a tape as proper rebuttal evidence. A May 13, 1981 tape of a conversation between appellant and "Bob", a state undercover agent, was admitted by the trial court after appellant denied, during cross-examination, ever talking to a man named "Bob" about selling hashish. Appellant argues that the prosecutor violated a discovery order by failing to provide him with access to this tape prior to rebuttal.[4] However, in a pretrial order by the district court it was found that the state was not required to provide the tape to appellant. Appellant then asserts that the admission of the tape in rebuttal was highly prejudicial.

■ "Questions concerning the admissibility of evidence are matters of state law, and are reviewable in federal habeas corpus proceedings only when the alleged error infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process." *Manning-El v. Wyrick,* 738 F.2d 321, 322 (8th Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 298, 83 L.Ed.2d 233 (1984). Appellant makes various arguments about unfair surprise in the admission of such evidence but the record shows that appellant should have known of the existence and general content of the tapes from the deposition of Agent Raemaker. Further, the tapes were important to the prosecution as direct rebuttal after appellant's testimony that he had never talked to Bob about hashish. The jury was clearly instructed that the tape was to be considered only for impeachment purposes.

The nature of rebuttal evidence is such that there will always be a degree of surprise when it is presented. Appellant has failed to show that the admission of such evidence in this case was so prejudicial as to require that a new trial be granted.

Based upon the above facts the Court finds that the district court's denial of ap-

**4.** The trial court conducted an in camera review of the May 13, 1981 tape and in a pretrial order determined that the state was not required to disclose the tape to the appellant because it was not "germane or relevant to the present charge." The conversation on this tape occurred more than a month after the acts for which appellant was charged and convicted.

**124**

pellant's petition for writ of habeas corpus should be affirmed.