**BUDGET PREMIUM COMPANY,**
Plaintiff-Appellant,

v.

**MOTOR WAYS, INC.,**
Defendant-Appellee.

No. 85–1220.

Court of Appeals of Iowa.

Oct. 22, 1986.

Harold C. Lounsberry, Davenport, for plaintiff-appellant.

Carlton G. Salmons of Austin & Gaudineer, Des Moines, for defendant-appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

HAYDEN, Justice.

This appeal involves a dispute over the refund of an insurance premium. In April of 1977 the insured, Robert W. Fritz of Fritz and Sons Trucking, entered into a "Premium Financing Contract" with plaintiff. Bruce E. Hawkins of Walkup-Huhn Insurance was the issuing agent. Through this agreement Fritz and Sons Trucking borrowed money from plaintiff to purchase an insurance policy to cover its trucking business. The agreement gave plaintiff the right to cancel the policy and receive the unearned premiums from the insurer if Fritz failed to make a payment to plaintiff. The insurance policy was issued by Great West Casualty Company through their regional office, defendant Motor Ways, Inc. Hawkins of Walkup-Huhn was also the issuing agent of this agreement.

In November of 1977, Fritz and Sons, as the insured, failed to make a payment and plaintiff cancelled the policy through Walkup-Huhn. As a result of the cancellation defendant, Motor Ways, Inc., issued a check on December 1, 1977, in the amount of $5,442.50 to the agency, Walkup-Huhn, for the unearned premiums. This check was endorsed and cashed by Cedar Rapids Insurance Agency, an apparent successor corporation to Walkup. Neither the insured nor the plaintiff received the refund.

On September 26, 1982, plaintiff filed suit alleging defendant was liable to plaintiff for the unearned refund premium. The trial court entered a summary judgment for plaintiff and defendant appealed. In a decision filed April 24, 1984, this court re-versed and remanded, holding that summary judgment was inappropriate because genuine issues of material fact existed. Specifically, our court found the issues of whether Walkup-Huhn was Fritz's agent for purpose of receiving the unearned premium refund and whether Motor Ways received notice of the contract between Fritz and Budget, were issues of fact requiring trial. Plaintiff's application for further review was denied.

On remand, the trial court granted defendant's motion to amend its answer to add two affirmative defenses: (1) no actual notice of the premium financing contract between the insured and the plaintiff had been received, and (2) the check issued to Walkup-Huhn and endorsed by Cedar Rapids Insurance Agency constituted payment to Fritz and Sons. The trial court found that plaintiff failed to carry its burden in establishing that a copy of the premium financing contract in issue was, in fact, received by the defendant, Motor-Ways, Inc. The trial court also found that the independent insurance agency, Walkup-Huhn, was the insured's agent for the purpose of receiving the unearned premiums. Consequently, the court dismissed plaintiff's petition and later denied plaintiff's motion for new trial. The trial court held that defendant's jurisdictional objection, that plaintiff was a foreign corporation transacting unauthorized business in the State of Iowa, was without merit.

On appeal, plaintiff contends the trial court erred: (1) in finding that an independent insurance agency was the agent of the insured for the purpose of receiving the unearned insurance premiums and in finding that a second insurance agency was the successor of the first; (2) in holding that the court of appeals had correctly limited to two the number of factual issues in the case; (3) in holding that plaintiff failed to prove itself an "account debtor" or entitled to return premiums under an assignment theory because it allegedly failed to carry its burden regarding notice; and (4) in requiring plaintiff to establish that a copy of the premium financing contract was in fact received by the defendant. Defendant as-

serts that even if reversal is required on other grounds, it is still entitled to affirmance of the trial court's ruling since plaintiff allegedly had no authority to do business in the State of Iowa. Plaintiff contends defendant waived this argument by failing to cross-appeal from the trial court's ruling that defendant's jurisdictional objection was without merit.

## I.

■ Initially we address the issue of whether plaintiff had authority to maintain an action in this state. Budget as a corporation had procured no license or permit to do business in this state and had not registered with the Secretary of State as a foreign corporation. Iowa Code section 496A.120 (1983) provides in pertinent part:

No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state, until such corporation shall have obtained a certificate of authority....

This section is qualified by Iowa Code section 496A.103 (1983). *See American Title Insurance Co. v. Stoller Fisheries, Inc.,* 227 N.W.2d 481, 484 (Iowa 1975). *See also Hitachi Sales Corp. v. Commercial Trust and Savings Bank of Storm Lake,* 342 N.W.2d 889, 892 (Iowa Ct.App.1983) (holding that section 494.9 is qualified by 496A.103). Sections 496A.103(2)(e) and (f) provide:

2. Without excluding other activities which may not constitute transacting business in this state, a foreign corporation or nonadmitted organization shall not be considered to be transacting business in this state, for the purposes of this chapter, by reason of carrying on in this state any one or more of the following activities:

   \*    \*    \*    \*    \*    \*

e. Effecting sales through independent contractors.

f. Soliciting or procuring orders, whether by mail or through employees or agents or otherwise, where such orders require acceptance without this state before becoming binding contracts.

The trial court found that Budget was dealing with Walkup-Huhn as an "independent contractor" in accordance with section 496A.103(2)(e) and Budget accepted the contract "without this state" in compliance with 496A.103(2)(f). On appeal plaintiff questions both of these findings.

Here Hawkins of Walkup-Huhn completed the financing form for Budget. The form was then sent to Budget's Rock Island, Illinois, office where the contract was processed and the check was issued to the insurance agent, Walkup-Huhn. Any approval or acceptance of the contract was manifested by the plaintiff's acts of processing the contract and issuing the check. We conclude that plaintiff procured orders through employees or agents or otherwise, and these orders required acceptance outside of this state. We do not, at this point, make any finding regarding the parties' relationship.

The trial court was correct in finding plaintiff not to be transacting business in Iowa, as set out in section 496A.103(2)(f), and therefore not barred from maintaining a suit pursuant to section 496A.120. *See House of Stainless v. Marshall and Ilsley Bank,* 75 Wis.2d 264, 268, 249 N.W.2d 561, 563 (1977) (construing section identical to 496A.103(2)(f)).

## II.

Another preliminary issue is whether the trial court erred in holding that this court had limited to two the number of factual issues in the case. This contention is more correctly defined as a "law of the case" issue.

■ The decision of an appellate court upon a prior appeal becomes the law of the case and is to govern upon a subsequent trial thereof in the district court and upon another appeal unless the facts before the court upon the subsequent trial are materially different from those of the prior trial. *Sauer v. Scott,* 238 N.W.2d 339, 342 (Iowa 1976); *Schroedl v. McTague,* 169 N.W.2d

860, 863 (Iowa 1969). This role has two aspects: it applies to proceedings in the trial court after the case is remanded; and it applies to subsequent proceedings in the reviewing courts. Annotation, *Law of the Case: Single Suit Preclusion*, 87 A.L.R.2d 271, 275 (1963).

■ Plaintiff contends that the trial court erred in construing this court's earlier order as narrowing the controversy to only two issues. We note that questions involving the sufficiency of evidence to withstand a motion for summary judgment presents an issue of law. *Wolfe v. Graether*, 389 N.W.2d 643, 651 (Iowa 1986). Therefore, our earlier decision regarding the motion for summary judgment is the law of the case.

But what did our earlier opinion decide? We specifically mentioned two issues: (1) whether Walkup-Huhn was Fritz's agent, and (2) whether Motor-Ways received notice of the contract between Fritz and Budget. But this was not meant to limit the trial court's determinations. Our ultimate conclusion, or law of the case, was that genuine issues of material fact existed in this case, two of which were set forth.

Although the trial court followed the structural analysis proposed by our opinion, we find that the district court did not consider itself strictly bound by the opinion, as a limitation on its decision making authority. Further, we find the trial court's decision is supported by substantial evidence and justified as a matter of law. Therefore, any theoretical harm that may have occurred was actually harmless. Finally, we note that the parties in their pretrial conference order, filed April 12, 1982, agreed these two issues were to be presented to the district court.

### III.

Plaintiff contends the trial court erred in finding Walkup-Huhn was the agent of Fritz and Sons Trucking for the purpose of receiving the premium refund and in finding that Cedar Rapids Insurance Agency was its successor.

Our review of the trial court is limited to errors of law. Iowa R.App.P. 4. Therefore, this case is reviewed as tried in the court below. *Mosebach v. Blythe*, 282 N.W.2d 755, 758 (Iowa 1979). If supported by substantial evidence and justified as a matter of law, the judgment will not be disturbed on appeal. *Atlantic Veneer Corp. v. Sears*, 232 N.W.2d 499, 502 (Iowa 1975); Iowa R.App.P. 14(f)(1). But the reviewing court is not bound by the trial court's determination of law. *Mosebach*, 282 N.W.2d at 759.

The question of whether a principal-agent relationship exists is generally one of fact. *Walnut Hills Farms v. Farmers Co-op Company of Creston*, 244 N.W.2d 778, 781 (Iowa 1976). The trial court found that Walkup-Huhn was the agent for Fritz and Sons Trucking for the purpose of receiving any unearned premiums. Plaintiff asserts the facts of the case do not support the trial court's decision and the parties had contracted to bar an agency relationship. We initially address the latter.

In the "Premium Financing Contract," in bold letters, the following was set forth: "The insurance agent or broker through whom the above policies are issued is not the agent of Budget Premium Company." Further, on the back side of the contract, the language stated: "The undersigned [Walkup-Huhn] is the authorized agent of the Insurance Company(ies) listed on the reverse side hereof [Motor-Ways & Great West] and is authorized to collect premiums as their agent." Plaintiff considers these contractual constraints as conclusive to our decision. We recognize the following language from *Burlington Savings Bank v. Prudential Insurance Company of America*, 206 Iowa 475, 478, 218 N.W. 949, 951 (1928):

The principal and agent may attempt to disguise their real relationship under the form of a contract between them by which the relationship of principal and agent between them is in terms denied, and is asserted to exist between the agent and a third person. They may attempt by their contract to make the

agent the agent of another, instead of the actual principal. The court will not permit itself to be deceived, or the actual relationship between the principal and agent to be perverted or the rights of third persons affected by such jugglery of words or make-believe, but will ascertain the facts as they actually are, and on such facts determine the truth and the true relationship as it is in reality.

When considering whether an agency relationship exists the court must ascertain the factual relation of the parties and in so doing can "properly disregard a statement in the agreement that the agent is to be the agent of one rather than of the other or a statement by the parties as to the legal relations which are thereby created." Restatement (Second) of Agency § 1 comment (b) (1958). We fully support both the Restatement and the *Burlington* case, thereby we ignore plaintiff's attempts to disguise the actual relationship and proceed to an evaluation of the facts.

Agency is a fiduciary relationship in which one person acts for and on the behalf of another. *Walnut Hills Farm*, 244 N.W.2d at 780. Proof of agency may be through direct evidence of an agreement and by circumstantial evidence such as words and conduct, from which an intention to create an agency may be fairly implied. *Pay-N-Taket, Inc. v. Crooks*, 259 Iowa 719, 724, 145 N.W.2d 621, 624 (1966).

Plaintiff was attorney in fact for Fritz and Sons Trucking. Contractually it had the authority to cancel the financed policies of insurance and directly receive the refund provision. Defendant was and is the regional agent for Great West Casualty Company. We are concerned with factors that would determine Walkup-Huhn's relationship to these parties. At the initial meeting Hawkins, as the employee of Walkup-Huhn, signed Fritz up with Budget and chose the type of insurance policies that Fritz would need. Budget then processed the agreement and sent the check to Walkup-Huhn, from which the agency deducted its commission and sent the balance to the insurance company, defendant. Motor-Ways, Inc., defendant, did business only with Walkup-Huhn. The payments they received for the premiums were from Walkup-Huhn. Walkup-Huhn, on behalf of Fritz and Sons, requested an increase in September of 1977 in the amount of coverage. Again financing was requested from Budget and again plaintiff issued the premium check directly to Walkup-Huhn. Upon receiving this check the commission was deducted and the balance sent to defendant. Walkup-Huhn had copies of everything that took place between Fritz and Sons and plaintiff. And finally, when Budget cancelled the insurance policies, they cancelled it through Walkup-Huhn. Defendant, upon learning of the cancellation from Walkup-Huhn, issued the unearned refund to them.

From the facts, the only conclusion that can be reached is that Walkup-Huhn was the agent of Fritz and Sons Trucking. Budget was Fritz's attorney in fact, with the authority to cancel the policies of insurance and to receive the refund of any premium payable to Fritz. As the plaintiff so succinctly put it, "[t]he gist of this action is the failure of Motor-Ways, Inc. to pay either Fritz or his duly authorized agent...." We find Walkup-Huhn was Fritz and Sons' agent and through their refund premium Motor Ways released any obligation which they had.

Plaintiff attempts to make an issue of the fact that the check sent to Walkup-Huhn was eventually deposited in Cedar Rapids Insurance Agency's account. Any obligation defendant had to Fritz and Sons ended when it drafted and mailed the check to Walkup-Huhn. Walkup-Huhn was the conduit between the insurer and insured, it held the premium refund for Fritz and Sons in a fiduciary capacity. The trial court found, upon review of the testimony, Cedar Rapids Insurance Agency was the successor of Walkup-Huhn. This finding of fact is supported by substantial evidence, therefore we accept this conclusion and affirm the trial court's holding.

## IV.

■ Plaintiff contends that the trial court erred in requiring plaintiff to establish that a copy of the premium financing contract was in fact received by the defendant.

"Proof of mailing a statement or letter properly addressed and otherwise conforming to postal laws and regulations concerning postage raises a presumption of fact it was received." *Reserved Insurance Co. v. Johnson*, 260 Iowa 740, 744, 150 N.W.2d 632, 634 (1967) (quoting *Boshek Realty Co. v. Boshek Brothers Co.*, 249 Iowa 349, 356, 87 N.W.2d 8, 12 (1957)). To establish the presumption that it was received, evidence must be introduced:

1) of the contents and execution of the paper;

2) that it was enclosed in a wrapper or otherwise prepared for transmission through the mail;

3) of the correct address of the person to receive it;

4) that the wrapper was properly addressed;

5) that the postage was prepaid; and

6) that the article was dropped in the mail.

*Public Finance Co. v. Van Blaricome*, 324 N.W.2d 716, 718–19 (Iowa 1982); *Central Trust Co. v. Des Moines*, 205 Iowa 742, 746, 218 N.W. 580, 582 (1928). In *Public Finance Co. v. Van Blaricome*, the Supreme Court held that testimony of office custom as to mailing is sufficient, absent proof to the contrary, to raise a presumption that a notice of default was mailed and received. 324 N.W.2d at 721.

In the present case Kenneth W. Pruden, president of Budget, testified to the business practice which they followed regarding the notification of insurance companies both at trial and through affidavit. He said his company followed a policy of sending notification to the insurance companies whose policies have been financed by them. He also stated they typed the name and address of the insurance company and the date on the back side of the "Premium Financing Contract," and then mailed a copy to the insurance company. He said that no notification was ever returned from defendant and the same secretary had flawlessly handled this job for the past seven years. Plaintiff contends this testimony was sufficient to establish the presumption that the notice was mailed and received.

Obviously the strict six step proof of *Central Trust* was not shown but was "office custom" established? Under the office custom doctrine the party seeking to establish the presumption must show the custom of the business as to their mailing procedure. Here the plaintiff merely showed the general practice regarding plaintiff's notification procedure, the record is void of any showing of office custom. We affirm.

## V.

■ Finally, plaintiff contends that the trial court erred in holding that an alleged failure of the plaintiff to carry its burden regarding notice would cause to fail both the theory of assignment and the theory of "account debtor."

After a careful review of the record, we find no evidence to support either an assignment theory or an account debtor theory. We have found that Walkup-Huhn was the proper party for defendant to send the refund to, since they were Fritz's agent and defendant received no notice of any assignment by Fritz and Sons to Budget. As noted by the defendant in its appellate brief, plaintiff, at trial, failed its burden of proof regarding these two theories. Within this failure an integral element was plaintiff's lack of proof regarding the notice provided to the defendant. In affirming the trial court we do not fully adopt the court's reasoning process but do affirm the result.

In conclusion we review this dispute from the defendant's perspective. Motor-Ways received payment directly from Walkup-Huhn, all changes were made through Walkup-Huhn, and the cancellation of the policy was received from Walkup-

Huhn. No showing was made that defendant received notice of the assignment by Fritz and Sons to plaintiff. Defendant followed the logical course of business practice when it made the premium refund check to Walkup-Huhn. The total refund due was $6,220; defendant returned $5,442.50 to Walkup-Huhn and the remaining $777.50 was unearned commission owed by Walkup-Huhn. The most reasonable procedure was for defendant to send the unearned premium to Walkup-Huhn so the full refund, commission and premium, could be made. Plaintiff's president, Kenneth Pruden, testified that the usual procedure for plaintiff on the cancellation of an insurance policy was to go to the producing agent for the refund. Here the producing agent was Walkup-Huhn.

AFFIRMED.