C. C. BLACKMAN, Appellant, v. IOWA UNION ELECTRIC COMPANY, Appellant.

No. 46506.

JUNE 6, 1944.

Hollingsworth & Hollingsworth, of Keokuk, for plaintiff appellant.

J. O. Boyd, of Keokuk, for defendant appellant.

MULRONEY, J.—■ The plaintiff sued the defendant electric and gas company for personal injuries and property damages caused by the escape of gas that flooded plaintiff's home in Keokuk, Iowa. In his petition he alleged the defendant "negligently and carelessly allowed gas to escape from its mains and become a nuisance in plaintiff's property and to flood into and through plaintiff's * * * property * * * occupied as his home." Plaintiff pleaded general negligence and relied upon the doctrine of res ipsa loquitur, and he also pleaded freedom from contributory negligence. Defendant pleaded a general denial and a specific charge that plaintiff was guilty of contributory negligence. After the verdict for the plaintiff the trial court thought it had committed error in omitting any instruction to the jury on the issue of contributory negligence and it sustained the motion for new trial on that ground. Plaintiff appeals from the ruling granting the new trial and the defendant appeals alleging other errors in the rulings and instructions of the trial court.

The record shows that the presence of gas in plaintiff's home was first discovered by plaintiff's wife on February 10 or 11, 1936. She testified that she called the defendant company, who sent a man to her home who told her it was not poison gas and it would not hurt her. When plaintiff, who worked on the railroad, became sick on February 12th, while taking a nap on the downstairs couch, she called the defendant gas company again. This time they told her it was probably "back-up gas" and they would start digging to find it. Plaintiff told of his illness and his collapse on the way to work after his nap on the couch in the gas-infested room. The doctor called to see the plaintiff every day until February 17th or 18th, at which time he ordered everyone out of the house because of the gas. In the meantime, the defendant's employees on February 11th had started digging outside the house to locate the place where the

gas was escaping. When plaintiff left the house on either February 17th or 18th he gave the keys of the house to defendant and the keys remained with the defendant until March 10th. During this period the company was somewhat hampered in its digging efforts by the severe cold weather, and while the company had the keys to the house the water froze, the pipes burst, and some of the rooms were flooded. The parties state there is no dispute over the amount of property damages or personal injuries. The leak was finally located in the middle of the street where the service-line pipe had broken away from the gas main. The service line was a one-inch pipe and the superintendent of the gas department of defendant company testified that where a service line deteriorates to such an extent it is necessary for replacement, they replace the line from the main to the curb with an inch-and-a-quarter pipe. He also testified the one-inch pipe was probably placed there prior to 1912.

I. The plaintiff's single ground relied upon for reversal is that this is an action to recover damages for a nuisance and as such the question of contributory negligence is not applicable. A second ground is indicated in the argument to the effect that the evidence shows plaintiff was not in fact contributorily negligent, hence no prejudice resulted in the failure to instruct on this issue. Plaintiff places a great deal of reliance upon what we said in Bowman v. Humphrey, 132 Iowa 234, 109 N. W. 714, 6 L. R. A., N. S., 1111, 11 Ann. Cas. 131. But there we only held that a nuisance might arise by negligent action, and if it did, then recovery could be had without proof of negligence, or, if negligence was proven, then, since it was not essential, there need be no instruction with regard to plaintiff's proof of freedom from contributory negligence. It is sometimes difficult to distinguish between actions of nuisance and actions bottomed on negligence. 39 Am. Jur. 285, 286, section 8; Upp v. Darner, 150 Iowa 403, 407, 130 N. W. 409, 32 L. R. A., N. S., 743, Ann. Cas. 1912D, 574. We speak of the "creation" and "maintenance" of a nuisance, usually in the sense that the damage is the necessary consequence of just what the person charged is doing or incident to the business he is carrying on. In such a case negligence is not essential. See 39 Am. Jur. 304, 305, 306, section 24, where the rule is stated:

"Thus, a person who creates or maintains a nuisance is liable for the resulting injury to others without regard to the degree of care or skill exercised by him to avoid such injury, and notwithstanding he exercised reasonable or ordinary care and skill, or even the highest possible degree of care, or employed the most approved methods and appliances in the performance of the acts complained of."

But a gas company is not liable as an insurer for injuries sustained as the result of the escape of gas. It can only be held liable for its own negligence. 38 C. J. S. 730, section 41; 24 Am. Jur. 681, section 22, and cases there cited.

In the Bowman case, which was an action for damages for a nuisance that consisted of defendant's pollution of a stream, we stated, 132 Iowa 234, 241, 109 N. W. 714, 716, 6 L. R. A., N. S., 1111, 11 Ann Cas. 131:

"If such liability does not turn upon the question of defendant's negligence, there can be no such thing as contributory negligence on the part of the plaintiff."

But here, as we have seen, the liability does turn upon the question of defendant's negligence. In the Bowman case liability depended upon the reasonableness or unreasonableness of defendant's use of the stream. The conduct of its business, without negligence, and in the most modern and best-approved methods, would be unavailing as a defense if the use of the stream was unreasonable. Here, where liability can only be predicated upon negligence, the question of contributory negligence is present.

If, then, proof of negligence was essential in this case, it cannot be said to be a nuisance action. The trial court was right in its ruling on the motion for new trial, where it stated:

"The instant case was tried entirely on the theory that the damage was caused by the defendant's negligence."

We think it was also right when it recognized its error in neglecting to instruct as to plaintiff's burden of proving freedom from contributory negligence. Again quoting 24 Am. Jur. 691, section 43, the rule is:

"In accordance with the general principles as to the effect of contributory negligence, the rule is well established that contributory negligence on the part of a person injured by the escape of gas from the pipes of a gas company will prevent a recovery by him from the company for the injuries sustained."

See, also, 38 C. J. S. 741, section 44(a); Fleegar v. Consumers Power Co., 262 Mich. 537, 247 N. W. 741. Nor can it be said under this record, as a matter of law, that the plaintiff was not guilty of contributory negligence.

Defendant pleaded that plaintiff was guilty of contributory negligence by failing to withdraw from the house after the presence of the gas was discovered. The proof that the plaintiff remained in the house for seven or eight days after the discovery of the gas presented a jury question on contributory negligence. City of Richmond v. James, 170 Va. 553, 197 S. E. 416, 116 A. L. R. 967. See, also, annotation 138 A. L. R. 894.

The defendant has appealed, raising objections to many instructions and contending that the doctrine of res ipsa loquitur was not available to plaintiff to prove negligence. We find no reversible error in the other instructions and we think the rule of res ipsa loquitur was available to the plaintiff. See Sutcliffe v. Fort Dodge Gas & Elec. Co., 218 Iowa 1386, 257 N. W. 406.

The defendant questioned plaintiff's right to recover for damage to the real estate when the title to the same was in plaintiff and his wife. The court only allowed recovery for repairs which plaintiff had actually paid for. A tenant in common may recover therefor without the necessity of making his co-tenant a party to the action.

The case is affirmed upon both appeals.—Affirmed on both appeals.

All JUSTICES concur.