Connecticut Fire Insurance Company, appellee, v. Jack B. Gusman, d/b/a Roosevelt Super Value, appellant.

No. 52126.

July 14, 1966.

John Paul Jones and W. C. Hoffmann, both of Des Moines, for appellant.

Steward, Hopkins & Bump and Bradshaw, Fowler, Proctor & Fairgrave, both of Des Moines, for appellee.

MOORE, J.—On the night of February 17, 1961, a fire occurred at defendant's supermarket at 839 Forty-second Street in Des Moines. This is an action at law on a subrogation claim for fire and smoke damage resulting to plaintiff's insured, a tenant in the same building. The trial court found the fire was caused by defendant's negligence in failing to put out matches and cigarettes as alleged by plaintiff and entered judgment for the stipulated amount of damage to plaintiff's insured. Defendant has appealed.

Defendant's sole assigned error is the trial court erred in finding there was sufficient credible evidence to remove from the realm of speculation and conjecture the cause of the fire.

On trial to the court the parties stipulated: "It is agreed and stipulated that at all times material hereto the plaintiff insured the Darner Beauty Salon against loss by fire; that on February 17th and 18th of 1961, fire and smoke damage was done to the Darner Beauty Salon in the Roosevelt Shopping Center in the amount of $933.86, which was the reasonable cost of repair; and that the damage resulted from a fire which originated on the premises occupied by a supermarket at that time operated by the defendant, Jack Gusman; and is further agreed and stipulated that all electrical power was off on the premises of the supermarket from approximately 10:17 p.m., February 17, 1961, to approximately 10:30 a.m., February 18, 1961."

There is little conflict in the evidence regarding defendant's activities on the night in question. He closed and locked his store at about 9:30 p.m. February 17 and went home a distance

of three miles. About 10:15 he received a call from a customer the power was off in the area of the store. The power failure was caused by a severe lightning, rain and sleet storm that evening. He returned to the store at approximately 10:30 p.m. and after telephoning his refrigeration serviceman remained there about one hour. During that period he used candles for illumination. One was stabilized on a check-out counter near the west (front) end of the store. The other he carried to the basement where he pulled some electric switches and later used it for illumination in the meat department in the northeast section of the market. He spent most of his time there attempting to preserve his large supply of meats by covering the cases with aluminum, cardboard and ice cubes. While so working he lit several cigarettes with paper matches but did not recall what he did with the matches but expressed the thought the cigarettes were put out on the floor by stepping on them. There was sawdust on the floor in this area. Defendant was alone in the store. Approximately 11:30 p.m. he completed his work, extinguished the candles, locked the store and returned to his home.

At 12:49 a.m., February 18, a fire at the store was reported to the Des Moines Fire Department. City firefighters arrived at the store within ten minutes and discovered the meat department area all aflame. After a phone call from a neighbor near the store defendant hurriedly returned where he found the front door still intact and the firemen pouring water into the store through a window which they had broken.

The firefighters' testimony established the core of the fire was in the meat department where defendant had been working and smoking.

George E. Soderquist, a member of the Des Moines Fire Department for 28 years, the last nine years as Fire Marshal, made an investigation of the fire and its cause beginning at 9 a.m. February 18. He was a graduate of Delahanty School of Fire Precaution and Detection, held a certificate on Fire Department Administration from the City Manager's Educational Institute and had attended seminars on arson investigation at Purdue, Iowa, Iowa State and Michigan Universities. He had investigated hundreds of fires.

Soderquist testified his investigation of the premises revealed the heaviest charring of the wood was in the area where defendant had been working and smoking and the depth of the char in the timbers indicated the fire had been in progress something over one hour. He estimated the fire had started shortly after 11:30 p.m.

Fire Marshal Soderquist stated the recognized categories of causes of fire are: (1) defect in a heating plant; (2) electrical failure; (3) spontaneous ignition; (4) sunrays through lenses or mirrors; (5) lightning and (6) carelessly discarded smoking materials. He testified his investigation eliminated all causes except careless discarding of matches and cigarettes by defendant.

Defendant's store was heated by three or four Reznor Gas Heaters hung about a foot from the ceiling. They are gas heated, controlled electrically and are well recognized and widely used heating units. The fire goes up through the heat exchanger behind which is an electric fan which blows the warm air out and circulates it through the room. An exhaust carries away the fumes. In the absence of some malfunction of the solenoid gas valve the heater shuts off upon an electric power failure. The electricity had been off at least two hours before the fire. The Fire Marshal inspected the heaters and found no evidence of malfunction or overheating.

The possibility of the fire being caused by defective wiring or appliances was eliminated by Soderquist as the electricity had been off prior to the fire. Sunrays were eliminated as a possible cause as the fire started at night.

Soderquist testified he searched thoroughly to find any indication of spontaneous ignition and found none. Defendant informed Soderquist no materials were kept in the meat department which would cause a spontaneous combustion.

Soderquist ruled out lightning as a possible cause after failing to find any evidence of fusing, electrical burning or other physical evidence of lightning striking. He testified such evidence would have been discernible in the shambles left by the fire if lightning had struck the store building. On cross-examination he testified his inquiry of neighbors failed to disclose any report of lightning striking in the area.

The Fire Marshal testified defendant on Monday after the fire stated he could have been the cause thereof.

Soderquist further testified: "Based on my experience and training and the investigation I made of this fire and based on what Mr. Gusman told me of his activities prior to the fire, I formed an opinion as to whether or not the probable cause of this fire was either a match, cigarette or candle that was in the possession of Mr. Gusman between 10:30 and 11:30 prior to the fire. My opinion was that that was the most probable cause of the fire."

Defendant in addition to relating his activities the night of the fire denied making any statement it could have been caused by his acts. He stated he felt he had not caused the fire. Defendant testified he had put his cigarettes in ashtrays. This was contrary to prior statements made in his deposition that he had put his cigarette butts on the floor and stepped on them.

Defendant's only other witness, Fred Keating, a heating engineer, described in detail the construction and working of a Reznor heater. He stated if the heater was properly functioning it would shut off upon a power failure but if there was a malfunction it would continue to heat and the exchanger would be burned out. He had never seen the heaters in defendant's store.

Included in the trial court's extensive findings and conclusions are:

"3. The record here suggests no cause of this fire other than the use of matches by the defendant in lighting and smoking cigarettes which may or may not have been completely extinguished.

"4. The only other cause that the defendant suggests in argument is that maybe the heating radiators became overheated, which is wholly without evidential support. * * *

"6. The Court finds and concurs with the opinion of the Fire Marshal that this fire was negligently started by the defendant through his careless use of matches and in smoking cigarettes in that he failed to completely extinguish them."

■ ■ I. This law action tried to the court is not triable de novo on appeal. In accord with our uniform decisions and

rule 334, Rules of Civil Procedure, it is reviewed on the sole error assigned. The findings of fact by the trial court have the effect of a special verdict and are equivalent to the verdict of a jury. If supported by substantial evidence and justified as a matter of law, the judgment will not be disturbed on appeal. Our question is whether the trial court's finding is supported by substantial evidence, and we will not weigh the evidence or the credibility of the witnesses. McCune v. Muenich, 255 Iowa 755, 757, 124 N.W.2d 130, 131, and citations. See also rule 344(f)1. Further, the evidence will be construed in the light most favorable to the trial court's judgment. Staley v. Fazel Bros. Co., 247 Iowa 644, 648, 75 N.W.2d 253, 255, and citations.

■ II. Of course the mere happening of a fire raises no presumption of negligence. Dodge v. McFall, 242 Iowa 12, 14, 45 N.W.2d 501, 502; Tedrow v. Des Moines Housing Corp., 249 Iowa 766, 769, 87 N.W.2d 463, 465, 86 A. L. R.2d 830; Ellingson v. Kramer, 255 Iowa 1257, 1262, 125 N.W.2d 777, 780. It is elementary the burden is on plaintiff to prove defendant caused the fire and resulting damages as alleged in plaintiff's petition. Tedrow v. Des Moines Housing Corp., supra. See also rule 344(f)5.

■ III. In Roller v. Independent Silo Co., 242 Iowa 1277, 49 N.W.2d 838, Ruth v. O'Neill, 245 Iowa 1158, 66 N.W.2d 44, and John Rooff & Sons, Inc., v. Winterbottom, 249 Iowa 122, 86 N.W.2d 131, we hold negligence in causing a fire may be established by circumstantial evidence. It must, however, rise above mere speculation. Tedrow v. Des Moines Housing Corp. and Ellingson v. Kramer, both supra.

In Roller v. Independent Silo Co., supra, at page 1284, 242 Iowa, page 842, 49 N.W.2d, we say: "The facts need not necessarily be shown directly or by eyewitnesses. They may be shown by circumstantial evidence. Also, by certain inferences which may arise from certain facts and circumstances shown."

■ These holdings and statements are consistent with and apply the well established rule that circumstantial evidence is sufficient to support a finding of causal connection when the evidence is such as to make plaintiff's theory of causation reasonably probable, not merely possible, and more probable than

any other theory based on such evidence. It is not necessary for the testimony to be so clear as to exclude every other possible theory. Smith v. Darling & Co., 244 Iowa 133, 136, 56 N.W.2d 47, 49; Soreide v. Vilas & Co., 247 Iowa 1139, 1143, 78 N.W.2d 41, 43; Larson v. Johnson, 253 Iowa 1232, 1234, 115 N.W.2d 849, 850.

IV. We conclude the circumstantial and direct evidence removes the cause of the fire from the realm of speculation and conjecture and creates a fact question for the trial court. We hold the trial court's findings and conclusions are supported by substantial evidence. The judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.