C. C. HAUFF HARDWARE, INC., appellee, v. LONG MANUFACTURING COMPANY, a corporation, appellant.

No. 52412.

(Reported in 148 N.W.2d 425)

FEBRUARY 7, 1967.

Doerr, Dower & Rehling, of Davenport, for appellant.

William R. Crary, of Cedar Rapids, for appellee.

Moore, J.—This appeal is a sequel to Hauff Hardware, Inc. v. Long Mfg. Co., 257 Iowa 1127, 136 N.W.2d 276, in which we held plaintiff had a cause of action against defendant resulting from defendant's termination of the oral exclusive distributorship agreement between the parties if upon remand plaintiff proved defendant's termination was without good cause and any resulting damages.

On remand the parties agreed the evidence in the first hearing would be part of the record. Plaintiff offered additional testimony of two witnesses bearing on the issues to be considered on remand. Defendant offered no further evidence. Most of the facts are therefore found in our first opinion and need not be repeated in detail.

In May 1960 plaintiff and defendant entered into an oral exclusive distributorship agreement whereby plaintiff was to sell and obtain dealers for defendant's farm machinery and parts in 22 specified western Iowa counties for an indefinite period of time.

Between May 1960 and June 1, 1961, plaintiff actively carried on the distributorship and purchased defendant's merchandise totaling $20,679.11. This was distributor's cost.

On June 1, 1961, defendant without any prior notice terminated plaintiff's distributorship and placed its own salesman in the territory.

Plaintiff was left with a large inventory of defendant's products, including small repair and replacement parts usable only by defendant's distributors. Otherwise they had only junk value.

On remand the trial court found defendant's termination was without cause, plaintiff suffered a loss of $2436.68 in promo-

tional expense and $2408.96 in value of products not repurchased by defendant.

Defendant contends the trial court's findings are not supported by substantial evidence and plaintiff failed to properly prove damages.

I. This law action was tried without a jury. Findings of fact by the trial court are binding on us if supported by substantial evidence. Rule 344(f)(1), Rules of Civil Procedure.

II. On June 3, 1961, Warren B. Hauff, plaintiff's manager, sent this letter to Robert B. Swiney, defendant's branch manager.

"Dear Bob: Mr. Sid Holmen was here this week and told me of your decision with regard to this territory. I don't mind stating that it was some what of a blow even though it was not entirely a surprise.

"You of course know that we are more interested in your Auger, Elevator and Bale Conveyor lines. I have been wondering if you have considered a double distribution setup on these items or even private lab—arrangement. As you know we do travel in South Dakota.

"Bob, it has been a pleasure doing business with the Long Mfge. Co. and regret that you feel it is necessary to sever relationship. I'm sure that under your new set up you will want to pick up our stock of merchandise unless an agreement such as mentioned above can be worked out.

"Please advise as to what disposition you wish to make."

On June 14, 1961, defendant, by Mr. Swiney, wrote:

"Dear Mr. Hauff: Hadn't answered your letter of June 3, as I had planned on visiting you this week. Find that I am not going to be able to be back in Davenport until the end of the week and will have to visit you at a later date. Appreciate your feeling regarding your business dealings with Long Manufacturing Company, and we can assure you we feel the same about your company. Nevertheless, we need to sell grain storage and in-storage drying and feel the only way to be successful is through our own sales organization. It is difficult for us to work a man in a territory unless he has our complete line and

for that reason have found it necessary to make a change in Western Iowa.

"Possibly we can work with you for the present so that you can fill in with your present inventory to take care of any dealer orders you may have.

"If you wish, we will pick up any merchandise in your stock. As soon as I have an opportunty to visit you, will arrange either to pick up your stock or supply equipment to fill out your present inventory."

Defendant also terminated three other Iowa distributorships on June 1, 1961. No dissatisfaction with plaintiff's activities was ever expressed by defendant.

 The trial court's finding defendant terminated its exclusive distributorship agreement with plaintiff without good cause is well supported by the record.

III. On June 1, 1961, plaintiff was left with an inventory of merchandise purchased from defendant of $7481.28 at distributor's cost or $9351.60 at dealer's costs.

On December 7, 1961, defendant, as per its offer, picked up ten items of merchandise from plaintiff's inventory and shipped them to K & L Supply, Melrose, Minnesota, and was paid $4104.72 therefor. As in the prior appeal defendant admits owing plaintiff this amount plus statutory interest.

Defendant later refused to take back the remainder of the merchandise held by plaintiff and plaintiff was forced to sell it as best it could. Plaintiff was faced with defendant's competition in the field with a full line and an offer of larger discounts than plaintiff had previously been allowed to offer dealers.

Plaintiff's evidence shows in detail the sales of items from the remaining inventory. It was forced to sell several below the original dealer's cost and ultimately sold the residue at junk prices after taking competitive bids. These sales totaled $967.60. Hauff testified the difference between the price paid and the price he actually sold these items for resulted in a net loss to plaintiff of $2458.10 plus freight.

The trial court's findings include: "The Court finds from the evidence presented that the merchandise on hand on June 1, 1961, actually was worth in the hands of a Long Manufacturing

Company distributor the sum of $7,481.28, and that its value in the hands of plaintiff, no longer a distributor, was the sum of $5,072.32, being the amount of $4,104.72 (cost price of merchandise shipped to K & L Supply) and $967.60, the amount for which plaintiff sold the remainder of the merchandise, thus making plaintiff's loss as to said merchandise the sum of $2,-408.96."

Defendant argues plaintiff should have been required to prove the junk value of the inventory on June 1, 1961, and that our remand order so requires. We do not so understand that order. It is directed to a "proper determination of the issues of good cause for determination and possible damages."

If defendant had not refused to take back part of the merchandise plaintiff would have recovered its cost of purchase. The trial court's order arrives at that result.

 Plaintiff is entitled to be placed, so far as this can be done by money, in the same position he would have occupied if the contract had been performed. Bremhorst v. Phillips Coal Co., 202 Iowa 1251, 1255, 211 N.W. 898, 902; In re Estate of Carter, 254 Iowa 138, 142, 143, 116 N.W.2d 419, 422; 25 C. J. S., Damages, section 74; 22 Am. Jur.2d, Damages, section 47.

IV. From June 14 through September 30, 1960, plaintiff employed Ed. Evensen to sell and establish dealerships for defendant's products. Glenn Barnett was so employed from April through June 1961. Warren Hauff spent approximately two days a week contacting dealers and promoting sales of defendant's equipment. Only about two out of ten dealers contacted made purchases. Others permitted displays in their places of business. For these services the three men were paid a total of $5358.33 by plaintiff.

Plaintiff also had truck expense of $300 incurred in selling and displaying defendant's products and $77.79 State Fair display expense.

Being a new enterprise with considerable promotional expense plaintiff's profit from 13 months' operation was only $3299.44.

The trial court subtracted the profit from the total expenses

and found defendant liable to plaintiff for promotional expenses of $2436.68.

██ The fact that profits in the future are too uncertain for recovery does not prevent a judgment for the amount of plaintiff's expenditures. Expenditures in preparation and part performance are recoverable as an alternative measure of gains prevented especially when other measures fail. The Howe Machine Co. v. Bryson, 44 Iowa 159, 24 Am. Rep. 735; Hichhorn, Mack & Co. v. Bradley, 117 Iowa 130, 90 N.W. 592; 25 C. J. S., Damages, section 46b; Corbin on Contracts, section 1031.

In 22 Am. Jur.2d, Damages, section 159, pages 227, 228, states: "A party who has entered into a contract may incur certain expenses in reliance on that contract being performed. Where the other party to the contract defaults on his promise, those reliance expenses may be valueless to the nondefaulting party. * * * In this type of situation—where expenses were incurred in reliance on the contract and are valueless to the nondefaulting party—courts award reliance expenses if those expenses were foreseeable by the defaulting party at the time the contract was entered into."

█ Plaintiff made the expenditures relying on the distributorship continuing indefinitely and in anticipation of profits in the future. Defendant by taking over the territory and selling to established dealers benefited therefrom. The trial court applied the proper measure of damages under the facts. The amount allowed for expenditures is supported by substantial evidence.

We find no error. The judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.