MID–COUNTRY MEATS, INC.,
Plaintiff-Appellant,

v.

WOODRUFF–EVANS CONSTRUCTION,
Defendant-Appellee.

No. 2–67205.

Court of Appeals of Iowa.

April 8, 1983.

Don N. Kersten of Kersten, Opheim, Carlson & Trevino, Fort Dodge, for plaintiff-appellant.

William S. Gibb of Johnson, Erb, Latham & Gibb, P.C., Fort Dodge, and Roy M. Irish of Patterson, Lorentzen, Duffield, Timmons, Irish & Becker, Des Moines, for defendant-appellee.

DONIELSON, Judge.

Plaintiff corporation appeals the dismissal of its petition alleging breach of a construction contract entered upon defendant contractor's motion for judgment notwithstanding the jury's failure to return a verdict after deliberating three days and remaining deadlocked in a four to four split vote on liability. On appeal the plaintiff contends that the trial court erred (1) by sustaining defendant's motion for judgment notwithstanding the jury's failure to return a verdict; (2) by refusing to give plaintiff's requested jury instructions regarding the applicable standard of care and negligence; (3) by refusing to give a portion of plaintiff's requested jury instruction regarding express warranty; (4) by limiting evidence and testimony regarding consequential damages resulting from allegedly lost profits and wasted overhead expenses; (5) by refusing to give plaintiff's requested jury instructions regarding consequential damages; (6) by instructing the jury that, as a matter of law, plaintiff had waived any claims for damages arising from defendant's failure to timely complete the construction; and (7) by sustaining defendant's motion for adjudication of law points and striking the express and implied warranty provisions contained in divisions II and III of plaintiff's petition. Plaintiff seeks a new trial. We reverse and remand.

Our scope of review is on assigned errors. Iowa R.App.P. 4.

## I.

Plaintiff, Mid-Country Meats, Inc., produces various meats and sausage. In 1978 plaintiff entered into a contract with the defendant, Woodruff-Evans Construction Co., for the construction of a meat processing plant. The contract price was $643,828 with construction to be completed by November 1, 1978.

Construction on the project was delayed for various reasons which the parties dispute, and the project was not completed by November 1st. Plaintiff initially agreed to a thirty-day extension of the contract. Subsequently, in late January 1979, plaintiff executed a waiver of any claim for damages against defendant arising from delay in completion of the building. On January 30, 1979, plaintiff accepted the building, holding back $25,000 pending completion of certain details on the building.

After accepting the building, plaintiff commenced production. In late February, 1979, the dry room roof began leaking. A subcontractor attempted to remove snow from the roof, but this merely resulted in larger holes being torn in the roof. A large amount of pepperoni curing in the dry room began to mold and ultimately was destroyed. The plant closed on April 28, 1979. The roof was finally completed in June, but the plant never reopened. Plaintiff asserted that loss of its product and the consequent inability to fulfill contracts completely destroyed its business, resulting in foreclosure and loss of all assets.

On September 26, 1979, plaintiff filed a petition seeking $1,500,000 damages for defendant's alleged breach of contract, breach of implied warranty, breach of express warranty, and negligence. The case was subsequently tried to a jury. There was considerable testimony regarding the construction contract, the construction itself, and the circumstances surrounding plaintiff's acceptance of the building.

After deliberating for three days, the jury remained deadlocked at a 4 to 4 vote and was released. Defendant then filed a motion pursuant to Iowa Rule of Civil Procedure 243 for judgment notwithstanding the jury's failure to return a verdict, asserting that the evidence was insufficient as a matter of law to prove either breach of contract or damages related thereto. Trial court subsequently sustained the motion and entered judgment for defendant. The court concluded that plaintiff accepted the building knowing the roof had not been completed and would not be completed until spring when the work could be properly done. Plaintiff then instituted this appeal.

## II.

The plaintiff's first contention is that the trial court erred in granting defendant's

motion for judgment notwithstanding the jury's failure to return a verdict. We must agree with plaintiffs.

 Our review of this issue is limited to the grounds urged in defendant's earlier motion for directed verdict since a motion for judgment notwithstanding the verdict must stand or fall on the grounds asserted in the motion for directed verdict. *Meeker v. City of Clinton,* 259 N.W.2d 822, 827–27 (Iowa 1977). The defendant's motion for directed verdict was predicated on the claim that the evidence was insufficient to submit the issues of breach of contract or negligence to the jury. In determining whether the trial court correctly ruled on this issue, we view the evidence in accordance with the same principles which govern the trial court's decision:

> In determining whether a jury question was engendered when a party seeks a directed verdict, dismissal, or judgment notwithstanding the verdict, the trial court views the evidence in the light most favorable to the party against whom the motion was made regardless of whether such evidence is contradicted and every legitimate inference which may be reasonably deducted therefrom must be carried to the aid of the evidence and if reasonable minds can differ on the issue it is for the jury. *Schiltz v. Cullen-Schiltz & Assoc., Inc.,* 228 N.W.2d 10, 17 (Iowa 1975).
>
> Our function is to review the evidence to determine, not whether it proves defendants' negligen[ce] ... but whether it is sufficient so the trial court was justified in submitting the question to the jury as the trier of facts. *Miller v. Young,* 168 N.W.2d [45, 51 (Iowa 1969) ].

*Meeker,* 259 N.W.2d at 828.

Plaintiff claimed, in its petition, that the building was not completed according to contract specifications and that the construction was not timely completed. It also claims that defendant constructed the building negligently, causing the roof to leak which, in turn, caused the meat to spoil. The trial court had instructed the jury that, as a matter of law, plaintiff had waived any claims for damages arising from defendant's failure to timely complete the construction, despite plaintiff's arguments that the alleged waiver was without knowledge of all the relevant facts. Plaintiffs also assert that, prior to accepting the building, the defendant assured plaintiff that the roof was weatherproof. The defendant disagrees and contends that the parties were aware that the roof of the dry room was not completed when the plaintiff took the building and began production.

 In its ruling on defendant's motion for judgment notwithstanding the jury's failure to return a verdict, the court ruled that there was not sufficient evidence to show a breach of contract by defendant. Specifically, the court ruled that plaintiff accepted the building with full knowledge that the roof had not been completed and that the construction was properly completed in the spring. The court did not specifically address the other theories urged by plaintiff in its petition or the other matters urged by defendant in its motion. We therefore consider the matters urged by defendant in its motion for directed verdict in the light most favorable to plaintiff. Having done so, we find that the theories of negligence and breach of contract present issues more properly resolved by the jury. The fact that the impaneled jury remained deadlocked in a four to four split on the question of liability is strong evidence that reasonable minds can differ on the issues presented by the facts of this case. Iowa Rule of Civil Procedure 200 provides in part, that the court may discharge a jury "if they have deliberated until it satisfactorily appears that they cannot agree. The case shall be retried immediately or at a future time, as the court directs." We believe the court erred in deciding the case under a motion for judgment notwithstanding the verdict instead of remanding the case pursuant to rule 200.

 Nevertheless, we do not believe the theories of implied or express warranty may be entertained in the retrial of this case. It appears from the record that on July 16, 1980, defendant filed a motion for

adjudication of law points, alleging that the implied and express warranty claims set out in divisions II and III of plaintiff's petition therefore failed to state the cause of action. Plaintiff filed a resistance to the motion, and trial court subsequently sustained the motion and struck divisions II and III from the petition. The affidavit of defendant's trial attorney and the trial judge indicate that, in fact, plaintiff's trial attorney agreed to the dismissal of divisions II and III of plaintiff's petition dealing with implied and express warranties. We believe the court correctly struck these portions of the petition. It is clear that plaintiff chose not to rely on these theories in the trial below and, therefore, it is prohibited from doing so on remand. We thus reverse and remand for a new trial on the theories of breach of contract and negligence.

### III.

In an effort to facilitate a proper retrial of this cause we address one additional matter raised by plaintiff regarding jury instructions. Plaintiff asserts that the court erred in refusing to give plaintiff's requested jury instructions regarding recovery for negligence and various elements of damages and consequential damages, including loss of profits. It is well established that a contract may give rise to a duty, the breach of which may be tortious. *M & W Farm Service Co. v. Callison,* 285 N.W.2d 271, 276 (Iowa 1979). Whether the contract establishes such a duty of care is a question of law for the courts to decide. *Id.* It has also been held that there is an implied duty to perform construction contract work with due care. *Busker v. Sokolowski,* 203 N.W.2d 301, 303 (Iowa 1972). Negligent construction under a contract may also amount to a breach of the contract. *See Metropolitan Transfer Station Inc. v. Design Structures Inc., et al,* 328 N.W.2d 532, 538 (Iowa App.1982). Here the court did not specifically address the issue of negligence in its ruling on defendant's motion notwithstanding the verdict. However, the court had refused to give plaintiff's requested jury instruction numbers 12, 13 and 14, which were Iowa uniform instruction numbers 2.1, 2.6 and 2.18 regarding recovery for negligence. The general rule governing this issue was set forth in *Anderson v. Low Rent Housing Commission, et al,* 304 N.W.2d 239, 249 (Iowa 1981) as follows:

> Parties to a lawsuit have a right to have their legal theories submitted to the jury as long as they are supported by the pleadings and substantial evidence. *Lockard v. Carson,* 287 N.W.2d 871, 875 (Iowa 1980). Even when the evidence is not in dispute, it is viewed in the light most favorable to the party requesting the instruction, and if reasonable minds might draw different inferences from the evidence a jury question is engendered. *See Oak Leaf Country Club, Inc. v. Wilson,* 257 N.W.2d 739, 744 (Iowa 1977).

Since plaintiff pleaded negligence we need only determine whether substantial evidence existed to engender a jury question on the issue. We note that more than a mere scintilla of evidence is required in order for the court to give the instruction to the jury. *Hamilton v. Luckey,* 315 N.W.2d 823, 826 (Iowa App.1981). Plaintiff asserts that defendant negligently constructed the roof during an improper time of year causing the roof to leak, and failed to timely and appropriately repair the leak once it had been discovered. We believe that defendant had a duty to perform the contract with due care and that plaintiff introduced sufficient substantial evidence to engender a jury question on whether defendant breached that duty. Accordingly, the instructions regarding plaintiff's negligence claim should be submitted to the jury.

The court also refused to admit evidence and to instruct the jury on consequential damages under either the breach of contract or negligence theories. Plaintiff's accountant, Henry Karp, attempted to testify regarding consequential damages allegedly suffered by plaintiff. However, defendant's objections to Karp's testimony were sustained on grounds that the evidence was irrelevant and concerned an improper measure of damages. In a subsequent offer of proof, Karp testified regarding the amount

of money spent by plaintiff in constructing and starting up the meat plant, and the expected profits plaintiff allegedly would lose.

■■■■ The established rule of *Hadley v. Baxendale,* 9 Exch. 341, 156 Eng.Rep. 145 (1854), requires that consequential damages be reasonably foreseeable to be recovered in a breach of contract action. *See also Meyer v. Nottger,* 241 N.W.2d 911, 920 (Iowa 1976); *DeWaay v. Muhr,* 160 N.W.2d 454, 458–59 (Iowa 1968); *Walker Manufacturing Co. v. Henkel Construction Co.,* 346 F.Supp. 621, 635 (N.D.Iowa 1972). Lost profits may be recovered as consequential damages so long as the profits are not based on conjecture and speculation. *Shinrone, Inc. v. Tasco, Inc.,* 283 N.W.2d 280, 284–86 (Iowa 1979). Plaintiff's proffered testimony included matters relevant to whether the claimed lost profits were speculative. The fact that plaintiff's business was relatively new would not, in and of itself, require that evidence of lost profits be excluded since such profits may be awarded where evidence demonstrates its feasibility. *See Lakota Girl Scout Co. Inc. v. Havey Fund-Raising Management, Inc.,* 519 F.2d 634, 640 (8th Cir.1975). Plaintiff also sought to introduce evidence of expenditures made in reliance on the proper performance of the contract. These expenditures have been awarded as an element of consequential damages. *See C.C. Hauff Hardware, Inc. v. Long Manufacturing Co.,* 260 Iowa 30, 34, 148 N.W.2d 425, 428 (1967). We believe plaintiff should have been allowed to introduce evidence of the damages it allegedly suffered as a result of defendant's alleged breach or negligence in performance of the contract. Under the principles set forth above, we also find sufficient evidence of consequential damages to support the giving of plaintiff's requested instructions relating to damages. We note, however, that since the theories of express or implied warranties were expressly removed from consideration at trial, no instructions under these theories were warranted.

■■■■ One final matter relating to the trial court's jury instructions is necessary.

The court instructed the jury that, as a matter of law, plaintiff waived any claim for damages arising from delays in completing the construction. Whether there has been a voluntary relinquishment of a known right is a question of fact. *Jones v. City of Des Moines,* 225 Iowa 1342, 1346, 283 N.W. 924, 926 (1939). Here plaintiff argued that their agreement not to pursue damages due to the late construction was based on their belief that the roof was waterproof and ready for use. They thus argue that any alleged waiver was not made with full knowledge of all the circumstances. While we do not mean to intimate that the waiver was, in fact, valid, we believe this question is one of fact which should be put to the jury. It is error for the court, in giving jury instructions, to assume as true a matter which is dispute in the evidence. *Mongar v. Barnard,* 248 Iowa 899, 914, 82 N.W.2d 765, 775 (1957). Accordingly, we believe it was error for the court to instruct the jury that, as a matter of law, plaintiff had waived all damages arising from the late construction.

We thus remand for a new trial in a manner consistent with the above principles.

REVERSED AND REMANDED.