**Duane BUSHMAN, Plaintiff–Appellee,**

v.

**CUCKLER BUILDING SYSTEMS, A DIVISION OF LEAR SIEGLER, INC., Defendant–Appellant,**

**Acme Engineering & Manufacturing Corporation; Art Hemesath d/b/a Hemesath Construction, Defendants.**

**No. 86–430.**

Court of Appeals of Iowa.

Jan. 27, 1988.

Donald H. Gloe of Miller, Pearson, Gloe, Burns, Beatty & Cowie, P.C., Decorah, for defendant-appellant.

Dennis G. Larson of Larson Law Office, Decorah, for plaintiff-appellee.

Calvin R. Anderson of Strand, Anderson, Wilmarth & Putnam, Decorah, Frederick G. White, Waterloo, and Isadore Meyer of Isadore Meyer & Associates, Decorah, for non-appealing defendants.

Considered by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

DONIELSON, Judge.

On May 13, 1980, Duane Bushman initiated the present action, seeking damages allegedly resulting from the negligent construction of a hog confinement building. The petition also alleged breach of warranty. Appellant Cuckler Building Systems is the manufacturer of the building; appellee Art Hemesath is a salesman of such buildings. Following trial, the jury returned special verdicts finding Cuckler liable and assessing damages of $165,792.68. This appeal follows posttrial motions. Our review is limited to the correction of legal errors. Iowa R.App.P. 4.

## I.

### (A)

Cuckler maintains, on several grounds, the district court erred in submitting the issue of lost profits to the jury. First, Cuckler contends Bushman's evidence failed to generate a jury issue as to whether Cuckler's negligence was the proximate cause of Bushman's lost profits. The lost profits allegedly resulted from hog deaths caused by building defects which allowed excess moisture into the building.

In order to be a proximate cause of an injury, given conduct must be a substantial factor in bringing about the harm. *Oak Leaf Country Club, Inc. v. Wilson*, 257 N.W.2d 739, 746 (Iowa 1977). Proof of such a causal connection may be by either direct or circumstantial evidence. *Northwestern Nat. Ins. v. Raid Quarries Corp.*, 249 N.W.2d 640, 643 (Iowa 1977). Circumstantial evidence, in order to generate a jury issue, must be sufficient to make the theory asserted reasonably probable, not merely possible, and more probable than any other theory based on such evidence. *Id.* However, it is generally for the trier of fact to say whether circumstantial evidence meets this test. *Id.; Oak Leaf Country Club*, 257 N.W.2d at 746; Iowa R.App.P. 14(f)(10).

We think the evidence adduced at trial was sufficient to meet this probability standard and consequently engender a jury question. Bushman was acknowledged by the district court as an expert hog producer. Such matters are committed to the sound discretion of the district court. *Poyzer v. McGraw*, 360 N.W.2d 748, 752

(Iowa 1985); *see Miller v. Bonar*, 337 N.W. 2d 523, 528 (Iowa 1983). Our review is for manifest and prejudicial abuse of discretion. *Miller*, 337 N.W.2d at 528. Given Bushman's twenty-six years of experience, we do not find such an abuse here. Bushman's testimony establishes that the defective structure resulted in moisture problems; that moisture problems lead to pneumonia and other diseases; and that such diseases occurred in this case and resulted in extensive loss of hogs. Our cases generally hold the probability standard to be met either by expert testimony to the effect that causation is probable or by expert testimony that causation is possible coupled with other testimony that the condition of which complaint is made did not exist before the alleged causative facts. *Shinrone, Inc. v. Tasco, Inc.*, 283 N.W.2d 280, 284 (Iowa 1979); *Winter v. Honeggers' Co., Inc.*, 215 N.W.2d 316, 323 (Iowa 1974). Bushman's testimony, in effect, satisfied both these latter requirements. We find nothing in law or logic which would foreclose a witness from testifying in both capacities, assuming the witness to be properly qualified to do so. We think such was the case here.

■ Related to this issue is Cuckler's claim that the district court erred by allowing Bushman to give "veterinarian opinions." We disagree. We have reviewed the challenged testimony—dealing with hog feeding programs, diseases, medication, and other aspects of his operation—and find it all properly received as subject matter within Bushman's field of expertise, as recognized by the trial court. We find no abuse of discretion. *See Miller*, 337 N.W.2d at 528.

### (B)

■ Cuckler claims the district court erred in submitting the loss of profits issue because the evidence of such loss is remote and speculative. While we agree with Cuckler that damages are properly denied under such circumstances, *Harsha v. State Sav. Bank*, 346 N.W.2d 791, 797 (Iowa 1984); *Shinrone*, 283 N.W.2d at 286, we do not believe such circumstances prevail here. While plaintiffs are required to establish the amount of claimed damages with some reasonable degree of certainty, mathematical precision is not required. *E.g., Oak Leaf Country Club, Inc.*, 257 N.W.2d at 747. In dealing with an analogous issue, our supreme court has said that "[i]f factual data are presented which furnish a basis for compilation of probable loss of profits, evidence of future profits should be admitted and its weight, if any, should be left to the jury." *Harsha*, 346 N.W.2d at 799.

In the present case Bushman testified to the amount of profits lost based upon his estimates of hogs lost, market prices in the geographically-relevant area during the pertinent years, and the average weight of a market hog. These elements were based upon certain records kept in conjunction with Bushman's operation and Bushman's experience in the hog markets and with his particular operation. Similar evidence has been found sufficient to remove the issue of damages from the realm of speculation. *See, e.g., Vogue v. Shopping Centers, Inc.*, 402 Mich. 546, 266 N.W.2d 148, 150–52 (1978). We think the testimony did so here, also.

### (C)

■ Cuckler claims the district court erred in submitting the loss of profits issue because Bushman's operation was not shown to be profitable. *See* 22 Am.Jur.2d *Damages* § 172 at 243 (1965). We think Cuckler confuses the question of gross profits with that of net profits. While Bushman's hog operation may not have turned a net profit during the years in question, it is, we think, beyond cavil that the extensive hog deaths resulted in a reduction of Bushman's gross profits. These have been shown, we believe, to a reasonable degree of certainty, which is all that is required. *See id.*

### (D)

Cuckler contends the district court submitted an erroneous measure of damages as concerns loss of profits. We disagree. The present fact pattern is indistinguish-

able from that in *Shinrone*, 283 N.W.2d at 285–86, which applied an identical measure of damages. Cuckler's contention to the contrary is without merit.

## II.

Cuckler maintains the district court failed to properly instruct the jury on the definition of "profits." We disagree. The court's instruction is consistent with our case law, *see King Features Syndicate v. Courrier*, 241 Iowa 870, 43 N.W.2d 718, 726 (1950), and, as such, we are not persuaded to disturb it.

## III.

■ Cuckler assigns several errors connected with the district court's instructions as to Bushman's cost-of-repair damages. Cuckler claims the court erred in allowing the jury to consider certain expenditures by Bushman—new hog crates and pens— which were not a part of the structure furnished by Cuckler. As a result, argues Cuckler, the district court erroneously allowed a recovery in excess of the original building's value. *See State v. Urbanek*, 177 N.W.2d 14, 16–18 (Iowa 1970). In addition, Cuckler claims the court erroneously failed to limit the amount recoverable for the replacement equipment. We disagree. The values of the replacement pens and crates were properly considered as special damages to which Bushman was properly entitled. *See Schiltz v. Cullen–Schiltz & Assoc., Inc.*, 228 N.W.2d 10, 20–21 (Iowa 1975).

## IV.

■ Cuckler claims the district court erroneously allowed witnesses to testify as to the fault of the parties. Such testimony is concededly improper. *See, e.g., Grismore v. Consolidated Products Co.*, 232 Iowa 328, 361, 5 N.W.2d 646, 663 (1942). As concerns witness Miller, we note that the cases "permit[ ] . . . practical experts to express their opinion whether a certain method used, or course of conduct was a proper one." *Id.* This principle governs the challenged testimony here. In addition, we note Miller to be an agent of Cuckler;

as such, his concession is binding upon the latter party. *See McCormick on Evidence*, § 267 at 639–45 (2d ed. 1972).

■ With respect to Bushman's testimony, allegedly as to the fault of Cuckler's salesman, Hemesath, we note that substantially identical testimony was received earlier without objection. Accordingly, no prejudice resulted in the admission of the challenged testimony. *See Kengorco, Inc. v. Jorgenson*, 176 N.W.2d 186, 189 (Iowa 1970). In addition, we note that notwithstanding Bushman's testimony to the effect that Hemesath had acted without fault in constructing the building, the jury, in fact, found fault on Hemesath's part.

## V.

■ Cuckler argues the district court incorrectly instructed the jury on the issue of mitigation of damages. The challenged portion of the instruction stated that "[t]he defendants may not use hindsight to claim that the methods used by the plaintiffs were not the cheapest or most effective." We do not think this an incorrect statement of the law. A plaintiff's obligation under the mitigation of damages doctrine is one of reasonable diligence. *R.E.T. Corp. v. Frank Paxton Co. Inc.*, 329 N.W.2d 416, 422 (Iowa 1983). A finding that cheaper or more effective options than the ones chosen were available to plaintiff would not necessary negate a finding that plaintiffs, in selecting the option pursued, were faithful to their obligation of reasonable diligence. *See* 22 Am.Jur.2d *Damages* § 39 at 63–64 (1965) (plaintiff, consistent with mitigation of damages doctrine, "need not have selected the particular doctor or treatment which it now appears would have cured him"). We reject Cuckler's claim of error.

## VI.

■ Cuckler maintains the district court improperly commented on the evidence when it stated that, as concerns the assumption of risk and mitigation of damages issues, the jury was to consider, *inter alia*, "the assurances of defendants to re-

pair the alleged defect." Cuckler claims this instruction erroneously assumed as true a factual matter—whether such assurances were given—which was disputed at trial. *See Mid–Country Meats v. Woodruff–Evans Constr.*, 334 N.W.2d 332, 337 (Iowa App.1983). Our law is clear that we review jury instructions as read and construed together, not piecemeal or in artificial isolation. *Clinton Land Co. v. M/S Associates, Inc.*, 340 N.W.2d 232, 234 (Iowa 1983). In this vein, we note that the instruction immediately following that challenged here essentially informed the jury that the issue of assurances was one committed to their evaluation of the evidence. In addition, the court prefatorily instructed the jury that "[n]o language used by the Court in these instructions ... should be considered by you as an indication that the Court has any opinions as to the facts of this case...." We are not persuaded by Cuckler's assignment of error.

## VII.

 Cuckler maintains the district court erred in refusing to submit certain instructions. Cuckler's requested instruction number 14 was as follows:

> If you find the plaintiff did discover the alleged defect in the product and continued to use it after he knew what the defect was then the injury and damage he suffered did not proximately result from the breach of the alleged warranty.

The district court, however, gave the following instruction:

> The law provides that the plaintiff cannot recover for injuries sustained because of a defect or dangerous condition if he knows of the defect or condition, is aware of the danger and nevertheless voluntarily and unreasonably proceeds to make use of the product to his injury.

A trial court is free to draft instructions in its own language as long as the instructions fairly cover the issues. *Hoekstra v. Farm Bureau Mut. Ins. Co.*, 382 N.W.2d 100, 110 (Iowa 1986). We think this principle applies here and that the instruction submitted correctly states the law.

Cuckler also claims the district court erred in not giving requested instruction number 8 which deals with breach of implied warranty of fitness for particular purposes. We believe the above-noted principle, reaffirmed in *Hoekstra*, 382 N.W.2d at 110, governs this claim. Accordingly, we reject Cuckler's argument.

## VIII.

Finally, Cuckler maintains the district court erred in denying its cross-petition for indemnity against Hemesath. So as not to unnecessarily lengthen this opinion, we are content to note our disagreement. *See Evans v. Howard R. Greene Co.*, 231 N.W.2d 907, 916 (Iowa 1975).

AFFIRMED.